**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

**DAVID TODD HARRIS**

**Plaintiff,**

**v.**

**IEVA AUGSTUMS**

**Defendant.**

**Civil Action No.: ________________**

# NOTICE OF REMOVAL

Defendant Ieva Augstums ("Defendant" or "Ms. Augstums"), by counsel, pursuant to 28 U.S.C. §§ 1331, 1367, 1441(a), and 1446, hereby removes this action from the Circuit Court of Fairfax County, Virginia, to the United States District Court for the Eastern District of Virginia, Alexandria Division. In support of removal, Defendant states as follows:

## STATEMENT OF THE CASE

1. On July 7, 2026, Plaintiff David Todd Harris ("Plaintiff" or "Harris") filed a Complaint against Ms. Augstums in the Circuit Court of Fairfax County, Virginia, styled *David Todd Harris v. Ieva Augstums*, Case No. CL-2026-0011048 (the "State Court Action").

2. The Complaint arises from allegations that, after the parties separated, Ms. Augstums retained an iPad that Harris had left at the parties' former marital residence and thereafter used the device to access information associated with an Apple ID and iCloud account.

3. More specifically, Harris alleges that Ms. Augstums used the iPad to access, view, copy, reproduce, and use communications and other information that Harris collectively defines as his "Private Information," including text messages, notes, photographs, location information, internet

and browser histories, work-related information, and other information available through or synchronized with the iPad and Harris's iCloud account. *See* Compl. ¶¶ 18–32.

4. Based on those allegations, the Complaint asserts the following six causes of action:

a) Count I: Violation of the Virginia Computer Crimes Act ("VCCA"), Va. Code §§ 18.2-152.1 *et seq.*;

b) Count II: Violation of the Virginia Interception of Wire, Electronic, or Oral Communications Act, Va. Code §§ 19.2-61 *et seq.*;

c) Count III: Violation of the federal Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701 *et seq.*;

d) Count IV: Violation of the federal Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2510 *et seq.*;

e) Count V: Conversion; and

f) Count VI: Invasion of Privacy.

5. In Counts III and IV, Harris expressly asserts causes of action created by federal law and seeks relief authorized by federal statutes, including relief under 18 U.S.C. §§ 2707 and 2520. *See* Compl. ¶¶ 46–56.

## FEDERAL QUESTION JURISDICTION

6. Under 28 U.S.C. § 1441(a), a defendant may remove to federal court any civil action brought in state court over which the federal district court has original jurisdiction.

7. Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

8. Accordingly, an action is removable based upon federal-question jurisdiction when the plaintiff's claims could originally have been brought in federal court based on an independent source of federal jurisdiction. *See Burrell v. Bayer Corp.*, 918 F.3d 372, 378 (4th Cir. 2019).

9. Federal-question jurisdiction is ordinarily determined from the face of the plaintiff's well-pleaded complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Where federal law creates the cause of action asserted by the plaintiff, the claim arises under federal law for purposes of § 1331. *See Flying Pigs, LLC v. RRAJ Franchising, LLC*, 757 F.3d 177, 181 (4th Cir. 2014).

10. Here, federal law creates two of the causes of action appearing on the face of Plaintiff's Complaint.

a) Count III expressly asserts a claim under the federal Stored Communications Act, 18 U.S.C. §§ 2701 *et seq.* Harris alleges that Ms. Augstums intentionally accessed, without authorization or in excess of authorization, a facility through which an electronic communication service was provided and thereby obtained access to Harris's wire or electronic communications while those communications were in electronic storage. *See* Compl. ¶¶ 46–50.

b) Count IV expressly asserts a claim under the federal Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.* Harris alleges that Ms. Augstums intentionally intercepted, disclosed, or used the contents of Harris's wire, electronic, or oral communications in violation of 18 U.S.C. § 2511(1)(a), (c), and (d). *See* Compl. ¶¶ 51–56.

11. Because Counts III and IV arise directly under federal law, this Court has original federal-question jurisdiction over those claims pursuant to 28 U.S.C. § 1331.

## SUPPLEMENTAL JURISDICTION OVER THE REMAINING CLAIMS

12. This Court also has supplemental jurisdiction over Counts I, II, V, and VI pursuant to 28 U.S.C. § 1367(a).

13. Section 1367(a) provides that, where a district court has original jurisdiction over a civil action, it also has supplemental jurisdiction over all other claims that are "so related" to the claims

within the Court's original jurisdiction "that they form part of the same case or controversy under Article III of the United States Constitution."

14. State and federal claims form part of the same case or controversy when they "derive from a common nucleus of operative fact" such that the claims would ordinarily be expected to be tried in a single judicial proceeding. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *see also Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 662 (4th Cir. 1998); *White v. Cnty. of Newberry*, 985 F.2d 168, 171 (4th Cir. 1993).

15. Plaintiff's federal and state-law claims readily satisfy that standard. Indeed, Plaintiff expressly incorporates the same factual allegations, "paragraphs 1 through 34" of the Complaint, into each of the six causes of action. *See* Compl. ¶¶ 35, 40, 46, 51, 57, 60.

16. All six claims arise from the same alleged course of conduct: Ms. Augstums's alleged possession and use of the same iPad; alleged access to the same Apple ID and iCloud account; alleged access to, acquisition of, or copying of the same communications and other information; and alleged use of that information to learn about Harris's activities, relationships, and location.

17. In particular, **Count I**, asserting violations of the VCCA, arises from the very same alleged access to and use of the iPad and electronic information underlying the federal claims. Harris alleges that Ms. Augstums used a computer or computer network without authority to obtain or convert his computer data, make unauthorized copies of that data, and examine certain personal or financial information. *See* Compl. ¶¶ 35–39. The same alleged access to the iPad, Apple ID, iCloud account, electronically stored information, messages, photographs, notes, and other data forms the factual predicate for Count III under the SCA and Count IV under the ECPA. Resolution of both the state and federal claims will therefore require substantially overlapping evidence concerning the configuration and use of the iPad, the manner in which information was accessed or obtained,

the nature and location of that information, Ms. Augstums's alleged authorization or lack thereof, and her intent in accessing or using the information.

18. **Count II**, asserting a violation of the Virginia Interception of Wire, Electronic, or Oral Communications Act, is even more directly related to Count IV. Counts II and IV are based on the same alleged interception, disclosure, and use of Harris's communications. *Compare* Compl. ¶¶ 40–45, *with id.* ¶¶ 51–56. Both claims will require consideration of the same alleged communications, the same acts by Ms. Augstums, whether any qualifying communication was intercepted, whether any interception was authorized, and whether Ms. Augstums thereafter disclosed or used the contents of any allegedly intercepted communication.

19. **Count V**, for conversion, likewise arises from the same alleged conduct. Harris alleges that Ms. Augstums wrongfully exercised dominion and control over both the iPad and the "Private Information" stored on or accessible through the device. *See* Compl. ¶¶ 57–59. The alleged possession and use of the iPad and acquisition or copying of Harris's electronic information are also central to the SCA and ECPA claims. Accordingly, the conversion claim will involve overlapping evidence concerning the parties' respective rights in the device and information, Ms. Augstums's possession and use of the iPad, the information allegedly obtained through the device, and the circumstances under which that information was accessed.

20. **Count VI**, for invasion of privacy, is similarly based upon the same alleged electronic access and monitoring that forms the basis of the federal claims. Harris alleges that Ms. Augstums intentionally intruded into his private affairs by engaging in the conduct alleged in Paragraphs 4 through 34 of the Complaint. *See* Compl. ¶¶ 60–63. Those incorporated allegations include the same alleged access to Harris's messages, photographs, notes, location information, and other data that forms the basis of Counts III and IV. The state and federal claims will therefore require

substantially the same evidence concerning what information Ms. Augstums allegedly accessed, how she allegedly accessed it, whether she was authorized to do so, and the nature of Harris's claimed privacy interest and damages.

21. All six claims concern the same time period, the same iPad and associated electronic accounts, the same alleged "Private Information," the same alleged acts of access and copying, and substantially the same witnesses and documentary or electronic evidence. Among other things, Harris relies upon information allegedly provided by former au pairs concerning Ms. Augstums's purported use of the iPad and alleged access to Harris's messages, photographs, and location information. *See* Compl. ¶¶ 27–32. Those allegations are material to both the state and federal claims.

22. Thus, Plaintiff's state-law and federal claims do not merely arise from the same general dispute; they arise from the same alleged acts and common nucleus of operative fact and would ordinarily be expected to be tried together in one proceeding. The Court therefore has supplemental jurisdiction over Counts I, II, V, and VI pursuant to 28 U.S.C. § 1367(a).

23. Because the Court has original jurisdiction over Counts III and IV and supplemental jurisdiction over each of the remaining claims, the entire action is removable pursuant to 28 U.S.C. § 1441(a). The severance and remand provisions of 28 U.S.C. § 1441(c) are therefore inapplicable.

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

24. Plaintiff commenced the State Court Action by filing the Complaint in the Circuit Court of Fairfax County, Virginia, on July 7, 2026.

25. Plaintiff served Ms. Augstums with the Summons and Complaint on August 4, 2026.

26. This Notice of Removal is timely because it is being filed within thirty days of Defendant's service with the initial pleading setting forth Plaintiff's removable federal claims, as required by 28 U.S.C. § 1446(b)(1).

27. Ms. Augstums is the sole defendant named in the Complaint. Accordingly, there are no additional defendants whose joinder in or consent to removal is required under 28 U.S.C. § 1446(b)(2)(A).

28. Pursuant to 28 U.S.C. § 1446(a), Defendant is filing with this Notice of Removal copies of all process, pleadings, and orders served upon her in the State Court Action, attached collectively as **Exhibit 1**.

29. In accordance with 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of the filing of this Notice of Removal to Plaintiff and will file a copy of this Notice of Removal with the Clerk of the Circuit Court of Fairfax County, Virginia.

30. Removal to this Court and Division is proper because the State Court Action is pending in the Circuit Court of Fairfax County, Virginia, and Fairfax County is within the Alexandria Division of the United States District Court for the Eastern District of Virginia. *See* 28 U.S.C. §§ 1441(a), 1446(a); E.D. Va. Local Civ. R. 3(B)(1).

## CONCLUSION

WHEREFORE, Defendant Ieva Augstums hereby removes the State Court Action, *David Todd Harris v. Ieva Augstums*, Case No. CL-2026-0011048, from the Circuit Court of Fairfax County, Virginia, to the United States District Court for the Eastern District of Virginia, Alexandria Division.

By filing this Notice of Removal, Defendant does not admit any allegation contained in the Complaint and does not waive, and expressly preserves, any defenses, objections, motions, pleas, or other rights available to her under federal or state law, including defenses relating to the sufficiency of the Complaint and the claims asserted therein.

Dated: August 26, 2026

Respectfully Submitted,
/s/ Andrew J. Smith

Andrew J. Smith, Esq. (VSB No. 81538)
Cala Dossey, Esq.. (VSB No. 100140)
Berenzweig Leonard, LLP
8300 Greensboro Drive; Suite 1250
McLean, Virginia 22102
Telephone: (703) 760-0402
Facsimile: (703) 462-8674
dsmith@berenzweiglaw.com
cdossey@berenzweiglaw.com
*Counsel for Defendant Ieva Augstums*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was sent by electronic mail and first-class mail to the following on August 26, 2026:

David N. Goldberg, Esq. (VSB No. 33468)
Offit Kurman, P.C.
8000 Towers Crescent Drive, Suite 1400
Tysons Corner, VA 22182
Telephone: (703) 745-1817
Facsimile: (703) 745-1835
dgoldberg@offitkurman.com
*Counsel for Plaintiff*

/s/ Andrew J. Smith
Andrew J. Smith, Esq.