# Exhibit 1

E-FILED
07/07/2026 17:39:38
CL-2026-0011048
Christopher J. Falcon
CLERK, CIRCUIT COURT
FAIRFAX, VA

**VIRGINIA:**

**IN THE FAIRFAX COUNTY CIRCUIT COURT**

| | | |
|---|---|---|
| **DAVID TODD HARRIS,**<br>1970 Rockingham Street<br>McLean, VA 22101<br><br>Plaintiff, | * | **Case No. ________________** |
| v. | * | |
| **IEVA AUGSTUMS,**<br><br>Serve at:<br>6004 Woodley Road<br>McLean, VA 22101<br><br>Defendant. | * | |

**COMPLAINT AND JURY DEMAND**

Plaintiff, David Todd Harris, by counsel, submits the following Complaint against Defendant, Ieva Augstums, and Plaintiff demands trial by jury on all issues so triable:

**PARTIES**

1. Plaintiff is an individual who resides in Fairfax County, Virginia.

2. Defendant is an individual who resides in Fairfax County, Virginia.

**FACTUAL BACKGROUND**

3. The parties were previously married and divorced pursuant to a Final Order of Divorce entered by this Court on December 8, 2023.

4. The parties previously resided together at their former marital residence located at 6004 Woodley Road, McLean, Virginia.

5. The parties separated on or about September 11, 2022, when Plaintiff moved out of the former marital residence.

6. When Plaintiff moved out of the former marital residence, he mistakenly and

without his knowledge left behind an iPad Mini.

7. This iPad was a second iPad of Plaintiff's that he used primarily to track and manage his wine collection. This iPad was not the iPad that Plaintiff primarily used on an everyday basis.

8. Plaintiff received the iPad as a gift. At all relevant times, the iPad was the sole and exclusive personal property of Plaintiff's.

9. At all relevant times, the iPad was registered in Plaintiff's name and associated exclusively with Plaintiff's Apple ID and iCloud account. The iPad was configured using Plaintiff's unique credentials, including Apple ID, passwords, and authentication settings.

10. The iPad was never registered, linked, or assigned to Defendant in any capacity. To the best of Plaintiff's information and belief, at no time before the parties separated did Defendant use or possess the iPad. If Defendant did use the iPad before the parties separated, then she did so without Plaintiff's knowledge or permission.

11. At all relevant times, both before and after the parties' separation, Defendant knew that the iPad was Plaintiff's sole and exclusive personal property and that she did not have Plaintiff's permission to use or possess the iPad.

12. After Plaintiff moved out of the former marital residence, Defendant discovered that Plaintiff had mistakenly left behind his iPad. Plaintiff did not know or discover until January 2026 that he had mistakenly left his iPad at the former marital residence. Plaintiff had multiple devices, and the iPad that he mistakenly left behind at the former marital residence was not a device that he used frequently.

13. Upon discovering that Plaintiff mistakenly left behind the iPad, Defendant knew that the iPad was Plaintiff's sole and exclusive personal property.

14. Upon discovering that Plaintiff mistakenly left behind the iPad, Defendant knew, or reasonably should have known, that if Plaintiff had been aware that he left behind the iPad, he would have asked Defendant to return the iPad to him, or he would have returned to the former marital residence to retrieve the iPad.

15. But instead of disclosing to Plaintiff that he had mistakenly left the iPad behind, Defendant deliberately and intentionally withheld the iPad from Plaintiff and failed and refused to disclose to Plaintiff that Defendant found the iPad.

16. Defendant withheld the iPad from Plaintiff and refused to disclose her possession of the iPad to Plaintiff with the intent to use the iPad to spy on Plaintiff and for other improper and wrongful purposes.

17. Alternatively, before Plaintiff moved out of the former marital residence, Defendant located the iPad, secretly took possession of it, and concealed it from Plaintiff, Defendant did so anticipating that Plaintiff would move out of the former marital residence without the iPad, allowing Defendant to wrongfully retain possession of the iPad so that she could use the iPad to spy on Plaintiff and for other improper and wrongful purposes.

18. For purposes of this Complaint, Plaintiff's "Private Information" means (i) the communications, data, and information that was located on or accessible through Plaintiff's iPad, including Plaintiff's private text messages, notes, photos, location data, internet and browser histories, Plaintiff's confidential work files and information, and other private or confidential communications, information, and data; (ii) communications, data, and information that was synchronized to the device through Plaintiff's iCloud account; and (iii) any and all originals and copies of the foregoing (whether electronic or paper copy) that were made, produced, or reproduced by Defendant, including screenshots, photocopies, photos, compilations, summaries,

and other depictions and renditions.

19. After the parties' separation, without Plaintiff's knowledge or authorization, Defendant accessed and used the iPad to intercept, view, copy, reproduce, and make use of Plaintiff's Private Information. Some of the Private Information intercepted, viewed, or used by Defendant included notes made by Plaintiff that related to, summarized, or contained communications between Plaintiff and his attorney. The communications between Plaintiff and his attorney related to a legal dispute between Plaintiff and Defendant.

20. When intercepting or viewing Plaintiff's Private Information, Defendant lacked a legitimate reason to do so.

21. Plaintiff had a reasonable expectation that his Private Information that Defendant intercepted and viewed was not subject to interception under circumstances justifying such expectation.

22. Beginning on July 8, 2024, and on several occasions since, Defendant made statements to Plaintiff evidencing specific knowledge that she had apparently acquired about Plaintiff's whereabouts, activities, associations, and private affairs.

23. July 8, 2024, was the first time after the parties' separation that Defendant made a statement to Plaintiff that suggested that she had acquired knowledge of Plaintiff's whereabouts, activities, associations, or private affairs. At that time, soon after Plaintiff had spent the weekend at a hotel, Defendant sent Plaintiff a text message indicating that she knew that Plaintiff had stayed at the hotel. Plaintiff was alarmed and suspected, at the time, that Defendant may have been having Plaintiff followed (e.g., by a private investigator).

24. On several occasions after July 8, 2024, Defendant made statements to Plaintiff evidencing knowledge that Defendant had obtained concerning Plaintiff's romantic relationship,

including information about Plaintiff's girlfriend, even though Plaintiff had not informed Defendant about his girlfriend. Defendant also made statements to Plaintiff evidencing that she knew where Plaintiff and his girlfriend were located.

25. As Defendant continued to disclose to Plaintiff her knowledge of Plaintiff's private affairs, Plaintiff became increasingly distressed. He believed that Defendant was persistently and intrusively following him, monitoring his girlfriend's social media activity, or obtaining information about his private affairs through friends or acquaintances. Plaintiff felt as though Defendant was stalking him.

26. Before January 2026, Plaintiff was not aware, did not suspect, and had no reason to suspect, that Defendant had acquired or retained Plaintiff's iPad and was using the iPad to access, view, or use Plaintiff's Private Information, including photos, location data, and communications.

27. Plaintiff learned for the first time that Defendant had wrongfully acquired or retained possession of the iPad and was using Plaintiff's iPad in January 2026, when former au pairs employed by Defendant informed Plaintiff that Defendant was using the iPad to access and view Plaintiff's Private Information.

28. In February 2026, one of the au pairs disclosed to Plaintiff many details about Defendant's use of the iPad, including the following:

(a) Defendant purposely kept the iPad and intentionally did not tell Plaintiff that she did so and that Plaintiff "has so many devices, he might not notice it was missing anyway."

(b) "Since this [iP]ad was logged into his [iC]loud, she was able to access his text/messages, his pictures, his notes and his location and whereabouts."

(c) Defendant would take the iPad "with her at all times, specifically to check [Plaintiff's] location and where he was."

(d) Defendant "let me read [Plaintiff's] chats too sometimes or she would show me the screenshot and would show me new pictures when Todd took some and they showed up in his photos app."

(e) Defendant "took multiple photos of the iPad screen from chats, photos in Todd's gallery and locations from his devices. She also read some chats to me what Todd and his friends/family wrote [sic]… She started a Folder where she had all the chats and documents and screenshots in it, that could look bad for Todd according to her in case she needs it sometime. She told me 'if Todd ever tries to take the girls from me I'll show the judge this folder and then they will see that he is not responsible enough.'"

29. The information revealed by the former au pairs to Plaintiff indicated that Defendant was using and accessing Plaintiff's iPad on a regular basis and with a high degree of frequency, that Defendant took the iPad with her at all times to check on Plaintiff's location, and that Defendant was, at times, viewing Plaintiff's location tracking data in real time. Therefore, Plaintiff reasonably believes and alleges, that Defendant acquired and viewed at least some of Plaintiff's Private Information contemporaneously with the transmission of such Private Information.

30. Some of the information included in the text messages, notes, and other personal data that Defendant had access to, and some of the information in Plaintiff's iCloud account, constitute information regarding one or more of the following items: Plaintiff's employment, salary, credit, bank account numbers, credit or debit card numbers, personal identification numbers, electronic identification codes, automated or electronic signatures, biometric data,

passwords, or other numbers or information that could be used to access Plaintiff's financial resources or obtain money, credit, loans, goods, or services.

31. Because of Defendant's pervasive and frequent use of Plaintiff's iPad to view and copy Plaintiff's personal data, Plaintiff reasonably believes, and therefore alleges, that Defendant intentionally examined, without authority, some of the information identified in the prior paragraph.

32. Because of Defendant's extensive use of and access to Plaintiff's iPad, which was synchronized to Plaintiff's iCloud account and otherwise had access to Plaintiff's iCloud account, Plaintiff reasonably believes, and therefore alleges, that Defendant accessed a facility through which an electronic communication service of Plaintiff's was provided and in which electronic communications of Plaintiff's were in electronic storage.

33. Defendant's conduct, described above, has caused Plaintiff to suffer damages.

34. Defendant engaged in the above described conduct intentionally, deliberately, maliciously, and in willful and wanton disregard for Plaintiff's rights. Therefore, the imposition of punitive damages against Defendant is warranted.

**COUNT I**
**(Violation of the Virginia Computer Crimes Act, Virginia Code §§ 18.2-152.1, et seq.)**

35. Plaintiff restates and incorporates by reference all allegations stated in paragraphs 1 through 34 above and elsewhere in this pleading.

36. By engaging in the conduct described in paragraph nos. 4-34 above, Defendant used a computer or computer network, without authority, to convert Plaintiff's computer data, thereby violating Virginia Code § 18.2-152.3.

37. By engaging in the conduct described in paragraph nos. 4-34 above, Defendant, with malicious intent or through intentionally deceptive means, and without authority, used a

computer or computer network to make or cause to be made unauthorized copies, in any form, of Plaintiff's computer data that resided in, was communicated by, or produced by a computer or computer network, thereby violating Virginia Code § 18.2-152.4.

38. By engaging in some of the conduct described in paragraph nos. 4-34 above, Defendant, when using a computer or computer network, intentionally examined without authority Plaintiff's employment, salary, credit, or other financial or identifying information, as defined in clauses (iii) through (xiii) of Virginia Code 18.2-186.3(C), thereby committing a computer invasion of privacy in violation of Virginia Code § 18.2-152.5.

39. Plaintiff's property or person was injured by reason of the foregoing violations of Virginia Code §§ 18.2-152.3, 18.2-152.4, and 18.2-152.5. Therefore, Plaintiff is entitled to damages and all other civil remedies and relief available under Virginia Code § 18.2-152.12.

**COUNT II**
**(Violation of the Virginia Interception of Wire, Electronic, or Oral Communication Act, Virginia Code §§ 19.2-61, et seq.)**

40. Plaintiff restates and incorporates by reference all allegations stated in paragraphs 1 through 34 above and elsewhere in this pleading.

41. By engaging in at least some of the conduct described in paragraph nos. 4-34 above, Defendant intentionally intercepted or endeavored to intercept Plaintiff's private and confidential wire, electronic, or oral communications.

42. By engaging in at least some of the conduct described in paragraph nos. 4-34 above, Defendant intentionally disclosed or endeavored to disclose the contents of Plaintiff's private and confidential wire, electronic, or oral communications, knowing or having reason to know that the information was obtained through the interception of a wire, electronic, or oral communication.

43. By engaging in at least some of the conduct described in paragraph nos. 4-34

above, Defendant intentionally used or endeavored to use the contents of Plaintiff's private and confidential written, electronic, or oral communications, knowing or having reason to know that the information was obtained through the interception of wire, electronic, or oral communication.

44. The foregoing conduct constitutes a violation of Virginia Code § 19.2-62(A).

45. Plaintiff has a civil cause of action against Defendant under Virginia Code § 19.2-69, entitling Plaintiff to relief, including actual damages, but not less than liquidated damages computed pursuant to Virginia Code § 19.2-69(1), punitive damages, and a reasonable attorney fee and other litigation costs reasonably incurred.

**COUNT III**

**(Violation of the Stored Communications Act, 18. U.S.C. §§ 2701, et seq.)**

46. Plaintiff restates and incorporates by reference all allegations stated in paragraphs 1 through 34 above and elsewhere in this pleading.

47. By engaging in the conduct described in paragraph nos. 4-34 above, Defendant intentionally accessed without authorization a facility through which an electronic communication service is provided or intentionally exceeded an authorization to access that facility.

48. By engaging in the foregoing conduct, Defendant obtained access to wires or electronic communications of Plaintiff's while they were in electronic storage in such system, thereby violating 18 U.S.C. § 2701(a).

49. Defendant engaged in the foregoing conduct with a knowing or intentional state of mind.

50. Under 18 U.S.C. § 2707, Plaintiff may, in a civil action, recover from Defendant such relief as may be appropriate, including such preliminary and other equitable or declaratory relief as may be appropriate, damages calculated under 18 U.S.C. § 2707(c), and a reasonable

attorney's fee and other litigation costs reasonably incurred.

**COUNT IV**
**(Violation of the Electronic Communications Privacy Act, 18. U.S.C. §§ 2510, et seq.)**

51. Plaintiff restates and incorporates by reference all allegations stated in paragraphs 1 through 34 above and elsewhere in this pleading.

52. By engaging in at least some of the conduct described in paragraph nos. 4-34 above, Defendant intentionally intercepted or endeavored to intercept Plaintiff's private and confidential wire, electronic, or oral communications.

53. By engaging in at least some of the conduct described in paragraph nos. 4-34 above, Defendant intentionally disclosed or endeavored to disclose the contents of Plaintiff's private and confidential wire, electronic, or oral communications, knowing or having reason to know that the information was obtained through the interception of a wire, electronic, or oral communication.

54. By engaging in at least some of the conduct described in paragraph nos. 4-34 above, Defendant intentionally used or endeavored to use the contents of Plaintiff's private and confidential written, electronic, or oral communications, knowing or having reason to know that the information was obtained through the interception of wire, electronic, or oral communication.

55. The foregoing conduct constitutes a violation of 18 U.S.C. § 2511(1)(a), (c), and (d).

56. Plaintiff has a civil action against Defendant under 18 U.S.C. § 2520, entitling Plaintiff to relief, including such preliminary and other equitable or declaratory relief as may be appropriate, damages to be computed under 18 U.S.C. § 2520(c), and a reasonable attorney's fee and other litigation costs reasonably incurred.

**COUNT V**
**(Conversion)**

57. Plaintiff restates and incorporates by reference all allegations stated in paragraphs 1 through 34 above and elsewhere in this pleading.

58. By engaging in the conduct described in paragraph nos. 4-34 above, Defendant exercised wrongful dominion, control, and authority over Plaintiff's iPad and his Private Information that was stored on or accessible through the iPad.

59. By engaging in the foregoing conduct, Defendant is guilty of conversion.

**COUNT VI**
**(Invasion of Privacy)**

60. Plaintiff restates and incorporates by reference all allegations stated in paragraphs 1 through 34 above and elsewhere in this pleading.

61. By engaging in the conduct described in paragraph nos. 4-34 above, Defendant intentionally and maliciously intruded into Plaintiff's private affairs and concerns.

62. Defendant's conduct involved matters as to which Plaintiff had a legitimate and reasonable expectation of privacy.

63. Defendant's intrusion was intentional, highly offensive to a reasonable person, and caused Plaintiff distress and harm.

**RELIEF REQUESTED**

**WHEREFORE**, Plaintiff requests that this Court award the following relief:

A. As relief for Count I, that the Court award to Plaintiff all relief available under Virginia Code § 18.2-152.12.

B. As relief for Count II, that the Court award to Plaintiff all relief available under Virginia Code § 19.2-69.

C. As relief for Count III, that the Court award to Plaintiff all relief available under 18 U.S.C. § 2707.

D. As relief for Count IV, that the Court award to Plaintiff all relief available under 18 U.S.C. § 2520.

E. That the Court enter judgment against Defendant and in favor of Plaintiff in the amount of all damages to which Plaintiff is entitled under applicable law, including actual damages, liquidated damages, statutory damages, damages calculated under Virginia Code §§ 18.2-152.12 and 19.2-69, damages calculated under 18 U.S.C. § 2520, and damages calculated under 18 U.S.C. § 2707. The total damages to which Plaintiff is entitled are believed to exceed $50,000, plus prejudgment and post-judgment interest and costs.

F. That the Court enter judgment against Defendant and in favor of Plaintiff in the amount of $300,000 for punitive damages.

G. That the court enter a temporary restraining order, preliminary injunction, and permanent injunction that includes the following:

(i) (i) An order or injunction that prohibits Defendant from possessing or using Plaintiff's iPad and prohibits Defendant from possessing, accessing, viewing, examining, using, or obtaining Plaintiff's Private Information.

(ii) An order or injunction that requires Defendant to provide a full written accounting that itemizes and describes the substance, nature, location, and disposition of all of Plaintiff's Private Information that Defendant, accessed, viewed, intercepted, copied, reproduced, and made use of.

(iii) If Defendant has at any time preserved, retained, or maintained any of Plaintiff's Private Information in any form or manner (whether electronic, hard copy, or otherwise), or if Defendant has in her possession, custody, or control any documents or data that constitute, contain, or relate to, in whole or in part, any of Plaintiff's Private Information, that the

Court enter an order or injunction that (a) requires Defendant to provide a full written accounting that itemizes and describes all such materials; (b) requires Defendant to return to Plaintiff or permanently destroy all such materials, if returning such materials is determined to be an appropriate remedy; and (c) requires Defendant to permanently destroy all such materials in her possession, custody, or control, and requires to Defendant to verify such permanent destruction, if destruction of such materials is determined to be an appropriate remedy.

(iv) That the Court enter an order or injunction that (a) requires Defendant to provide a full written accounting that itemizes and describes all Private Information that was published, communicated, or disclosed in any manner or by any means to any other person; (b) requires Defendant to include in such written accounting a description of the manner in which the Private Information was published, communicated, or disclosed and the identity of all persons to whom the Private Information was published, communicated, or disclosed; (c) prohibits Defendant from publishing, communicating, disclosing, or sharing any of Plaintiff's Private Information in any manner or by any means; and (d) requires Defendant to keep and maintain all of Plaintiff's Private Information strictly confidential.

H. That the Court award to Plaintiff his reasonable attorney's fees and litigation costs, including expert witness fees. Reasonable attorney's fees and other litigation costs reasonably incurred are recoverable under Virginia Code § 19.2-69, 18 U.S.C. § 2520, and 18 U.S.C. § 2707.

I. That the Court award all other relief that the Court deems appropriate under the circumstances.

**TRIAL BY JURY IS DEMANDED ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,
**DAVID TODD HARRIS**
By Counsel

David N. Goldberg, VSB #33468
**OFFIT KURMAN, P.C.**
8000 Towers Crescent Drive, Suite 1400
Tysons Corner, VA 22182
Telephone: (703) 745-1817
Facsimile: (703) 745-1835
dgoldberg@offitkurman.com
(Counsel for Plaintiff)